

July 30, 2018

**VIA ECF**
Hon. John Michael Vazquez, U.S.D.J.
United State District Court
District of New Jersey
U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    **Boguslawa Huang, et al. v. City of Jersey City, et al.**
              **Case No.: 2:18-cv-08933-JMV-CLW**

Your Honor,

      We represent the plaintiffs in the above-referenced matter. We write to respectfully request adjournment of the two currently pending motions by the City of Jersey City and the Exchange Place Alliance until facts necessary to their adjudication are finally determined. The two motions seek the same relief based on the same argument, that Count I of Plaintiff's Verified Complaint has been rendered moot by the passage of Jersey City Ordinance 18-057. There is currently an ongoing citizens' petition for a referendum to be held on that Ordinance. The initial set of signatures which was submitted to the City Clerk was found to be deficient on July 23, and the petitioners are currently collecting signatures for an amended petition which is due on August 2. **We would like to adjourn these motions until August 27th, the date by which we will know with certainty whether the Jersey City city council will approve or reject the amended petition for a referendum on Ordinance 18-057.**

      Until the amended petition is reviewed by the Clerk, the ordinance is suspended by operation of <u>N.J.S.A.</u> § 40:69A-189.[1] The suspension is automatic until five days after the amended petition is submitted, and if the amended petition is successful, then the suspension continues until final action is taken to approve the petition by the city council, the petition is withdrawn, or the referendum vote is held. The earliest day that the ordinance may become legally effective is August 7, 2018, and if the petition is successful, the city council will have 20 days to vote on whether to accept the petition by August 27, 2018, or send it to the voters on the November general election. Because the effectiveness of the ordinance is the central question underlying this case, it is unwise to litigate the ordinance

---

[1] "Upon the filing of a referendum petition with the municipal clerk, the ordinance shall be suspended until ten days following a finding by the municipal clerk that the petition is insufficient or, if an amended petition be filed, until five days thereafter; or, if the petition or amended petition be found to be sufficient, until it be withdrawn by the Committee of the Petitioners or until repeal of the ordinance by vote of the council or approval or disapproval of the ordinance by the voters."

before the prior issue of the referendum is settled. Additionally, based on credible information and his own Twitter post from July 23, 2018,[2] I believe that Mayor Steven Fulop intends to ask the city council to accept the amended petition, repeal Ordinance 18-057, and move the Katyn Memorial to the manifestly inappropriate location identified in the 1989 council resolution as a punitive measure against the petitioners and the plaintiffs in this action for opposing him. This makes it doubly important that the instant motions to dismiss are adjourned until after the petition is certified or not and we know how the city council votes. If the council approves the petition and rescinds Ordinance 18-059, it would substantively alter the facts underlying the Visual Artists' Rights Act claim.

In addition to these reasons to adjourn these motions, there is discord in the opinions of counsel as to the briefing schedule on this matter. The Court has extended briefing deadlines on the pending application for injunctive relief to August 6, 2018, to resolve that question by August 7. Many if not all of the issues raised by this motion will be resolved by the injunctive relief hearing on August 7. Exchange Place Alliance's motion purports to require responses by today, July 30, 2018, only seven days after it was filed, instead of the 10 days required by Rule 27(a)(3)(A). The Court uploaded to the ECF docket orders resetting the deadlines to each pending motion for August 20, 2018, but counsel for Exchange Place Alliance believes these changes to be invalid because they were automatically made and that the deadline for responses should be today. As a result, there are several deadlines which need to be clarified which necessitate adjournment to clarify the scheduling conflicts presented.

Finally, on July 27, 2018, a letter was uploaded to the electronic docket for this matter which was submitted on July 20, addressed to my office and signed by the artist whose rights are invoked by the VARA claim, Andrew Pitynski. That letter was revoked by Pitynski later on the same day it was received, and Pitynski continues to be a client of Matsikoudis & Fanciullo and a plaintiff in this action. I have consulted with counsel for the Exchange Place Alliance, who understands that it was not filed by my office and has no operative effect on this matter. We will inform the Court immediately should this change.

Consequently, we believe good cause exists to justify our requested extension.

Sincerely yours,

William C. Matsikoudis, Esq.
Matsikoudis & Fanciullo, LLC

---

[2] The tweet is appended to this letter.

