**ROSHAN D. SHAH** | Counsel
rshah@sh-law.com
P: 201-896-7173 | F: 201-896-7174

**VIA CM/ECF ONLY**
Hon. John Michael Vazquez, U.S.D.J.
Martin Luther King Building
      & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    **Huang v. City of Jersey City, et al.**
             **Civil Action No. 18-8933 (JMV-CLW)**

Dear Judge Vazquez:

This Firm represents the Exchange Place Alliance (the "Alliance"), an interested third-party to this lawsuit. Plaintiffs currently have a motion for preliminary injunction pending, which is returnable on August 7, 2018, at 10:30 a.m. The Alliance has cross-moved to intervene in this lawsuit and to dismiss the Verified Complaint for failure to state a claim. Yesterday, plaintiffs' counsel requested an adjournment of the motions until August 27, 2018, citing a forthcoming petition to overturn JERSEY CITY MUNICIPAL CODE, § 18-057 (2018) ("the 2018 Katyn Ordinance"), which fixes a new location for the Katyn Forest Massacre Memorial statue (the "Statue"). We write to object to plaintiffs' request for two reasons.

First, what plaintiffs' counsel's letter never addressed is the correspondence from the primary plaintiff himself, Andrzej Pitynski, which demands that he be removed from this matter. ECF No. 15. As the Alliance's cross-motion points out, Mr. Pitynski is the only plaintiff who has standing to even bring a claim under the Visual Artists Right Act of 1990 (VARA), 17 U.S.C. § 106A.[1] Without him, there is no VARA claim and no federal question. If the Court agrees, we would then respectfully request that Court decline to exercise supplemental jurisdiction over the state law claim, because that identical claim is being pursued in the Hudson County Superior Court by another group of plaintiffs in *Katyn Forest Massacre Memorial Committee, Inc. v. City of Jersey City, et al.*, Docket No. HUD-C-66-18.

---

[1] As our motion also explains, Mr. Pitynski's claim still fails on the merits.

July 31, 2018
Page 2

Second, the validity of the 2018 Katyn Ordinance doesn't matter to the Alliance because if the ordinance is stayed or invalidated, the statue should be relocated to Montgomery Street under the 1986 Katyn Ordinance. As the Alliance's brief pointed out, the 1989 Resolution fixing the statue's current location in the plaza (although not in its present location) is a nullity. *Inganamort v. Fort Lee*, 72 N.J. 412, 421 (1977)(it is a "well-settled rule that an ordinance may not be amended or modified by a resolution"). Thus, waiting for a final verdict on the 2018 Katyn Ordinance doesn't change the legal landscape one bit. The Court should proceed with the August 7th hearing.[2]

We are available for a teleconference on short notice to address any questions the Court may have. Thank you.

Respectfully submitted,

*/s/Roshan D. Shah*

ROSHAN D. SHAH, ESQ.
For the Firm

c:    Stevie Chambers, Esq. (via CM/ECF only)
      William Matsikoudis, Esq. (via CM/ECF only)

---

[2] The Alliance wants to take this moment to clarify one portion of its brief. Since it appears a group filed a petition that was ruled invalid on July 23, 2018, the same date the Alliance filed its motion, the 2018 Katyn Ordinance would have been stayed for 10 days under N.J.S.A. §40:69A-189. As explained above and in our brief, the validity of this ordinance doesn't change the outcome of this case.

**SCARINCI HOLLENBECK**