

# CITY OF JERSEY CITY
## DEPARTMENT OF LAW

CITY HALL • 280 GROVE STREET • JERSEY CITY, NJ 07302
PHONE (201) 547-5229 • FAX (201) 547-5230

**STEVEN M. FULOP**
MAYOR OF JERSEY CITY

**PETER J. BAKER**
CORPORATION COUNSEL

July 31, 2018

**VIA ECF**
Honorable John Michael Vazquez, U.S.D.J.
Frank R. Lautenberg U.S.P.O. & Courthouse
One Federal Square
Newark, NJ 07101

    Re:  **Huang, et al. v. City of Jersey City, et al.**
          **Civil Action No. 18-cv-8933**

Dear Judge Vazquez:

    As Corporation Counsel, I represent the City of Jersey City and Steven Fulop ("City") in the above-referenced matter.

    Plaintiffs seek to adjourn the pending motions to dismiss until August 27, 2018, after the outcome of the certification process for a petition for a referendum on Jersey City Ordinance 18-057. We join in co-Defendant Exchange Place Alliance's request that the hearing on Plaintiff's Motion for Injunctive Relief be heard on the originally scheduled date of August 7, 2018. We respectfully note that granting or denying any of the pending motions shall have no impact whatsoever on any issues relating to the ballot referendum concerning Jersey City Ordinance 18-057.

    In the current litigation, Plaintiffs seek a temporary injunction which, if granted, would supersede any attempts to relocate the monument pending further litigation and, if denied, would allow the City's legislative processes to continue pursuant to State law (N.J.S.A. 40:69A-1 et seq.). Plaintiffs' argument that the relocation of the monument requires legislative action is ripe for decision by the court. While the City currently does not plan to relocate the Katyn Monument to the Montgomery Street location set forth in the original 1986 ordinance, the City notes that the current location of the

Monument has not been set by Ordinance. Thus, arguing that an Ordinance is required to relocate the monument is without merit.

Furthermore, the Ordinance has no bearing on whether Plaintiff, Andrzej Pitynski, has a Visual Artists Right Act of 1990 (VARA) claim. For the reasons articulated in the moving brief, Plaintiff's submissions to the court are devoid of a viable VARA action.

Lastly, considering Mr. Pitynski's letter in which he demands to be removed from this matter, the Court should conduct an inquiry as to whether Mr. Pitynski is a willing participant in this action. The result of the inquiry may extinguish the need for any further proceedings in District Court.

Respectfully submitted,

PETER BAKER
CORPORATION COUNSEL

Cc: Roshan D. Shah, Esq. (via CM/ECF only)
William Matsikoudis, Esq. (via CM/ECF only)