**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BOGUSLAWA HUANG, BARTOSZ BAGNIEWSKI, SLAWOMIR PLATTA, ANDRZEJ PITYNSKI<br><br>                          Plaintiffs,<br>     vs.<br><br>CITY OF JERSEY CITY, STEVEN M. FULOP, in his individual and official capacities,<br><br>                          Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 2:18-cv-8933 (JMV-CLW) |

---

**PROPOSED INTERVENOR MARIA SCARIATI'S BRIEF
IN SUPPORT OF HER CROSS-MOTION TO INTERVENE
AND IN OPPOSITION TO PROPOSED INTERVENOR EXCHANGE
PLACE ALLIANCE'S CROSS-MOTION TO INTERVENE AND TO DISMISS
THE VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM**

---

**THE ABRAHAM LAW FIRM, LLC**
Markis M. Abraham, Esq.
225 St. Pauls Avenue, #15R
Jersey City, New Jersey 07306
P: (973) 536-8545
F: (888) 680-7179
E: mabraham@abelawfirm.com
***Attorney ID 022752008***
Attorney for Proposed Intervenor,
*Maria Scariati*

On the Brief:
Markis M. Abraham, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………………………………………1

PROCEDURAL AND FACTUAL BACKGROUND …………………………………………...2

LEGAL ARGUMENT……………………………………………………………………….2

POINT I

    SCARIATI SHOULD BE PERMITTED TO INTERVENE IN THIS
    MATTER……………………………………………………………………………….2

    A. *Scariati Should Be Permitted to Intervene as of Right*………………………………..3

        1. *Scariati's Application to Intervene is Timely Because*
          *This Matter Is In Its Infancy*……………………………………………………..3

        2. *Scariati is Filing a Law Suit Against the Defendants for*
          *Their Violations of N.J.S.A. 40:49-2 and Infringement of*
          *Scariati's Due Process Rights in Adopting Ordinance 18-057*
          *and Therefore Has Substantial Interest In The Outcome*
          *Of This Matter*……………………………………………………………………3

        3. *If the Plaintiffs Are Unsuccessful the Ruling in This Case Could Have An*
          *Impact On Scariati's Rights In Subsequent*
          *Litigation*..…………………………………………………………………………4

        4. *Scariati's Interests Are Not Adequately Represented*…………………………5

    B. *If Scariati Is Not Permitted to Intervene As A Matter of Right, this Court Should*
       *Permit Scariati To Permissively Intervene*………………………………………………5

POINT II

    PROPOSED INTERVENOR EXHANGE PLACE ALLIANCE
    LACKS STANDING TO APPEAR IN THIS ACTION AND
    THEREFOR ITS MOTION SHOULD BE DENIED…………………………………..6

CONCLUSION……………………………………………………………………………9

# **TABLE OF AUTHORITIES**

**Cases**

*Benjamin v. Dep't of Pub. Welfare of Pa.*,
432 Fed.Appx. 94 (3d Cir. 2011)……………………………………………………………….4

*Harris v. Pernsley,*
820 F.2d 592 (3d Cir. 1987)…………………………………………………………………….3

*Home Builders League of S. Jersey, Inc. v. Berlin Township*,
81 N.J. 127 (1979)…………………………………………………………………………...……7

*In re Adoption of Baby T.*,
160 N.J. 332 (1999) ………………………………………………………………………6, 9

*In re Ass'n of Trial Lawyers of America*,
228 N.J. Super. 180 (App. Div. 1988) …………………………………………………………6

*In re Cmty. Bank of N. Va. & Guar. At'l Bank of Tallahassee Second Mortg. Loan Litig.*,
418 F.3d 277 (3d Cir. 2005)* …………………………………………………………………….3

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
72 F.3d 361 (3d Cir. 1995) ……………………………………………………………….....3

*N.J. State Chamber of Commerce v. N.J. Election Enforcement Comm'n*,
82 N.J. 57 (1980)) …………………………………………………………………………..6, 9

*N.J. Citizen Action v. Riviera Motel Corp.*,
296 N.J. Super. 402 (App. Div. 1997) ……………………………………………………………6

**Statutes and Ordiances**

N.J.S.A. 15A:1-1……………………………………………………………………………..……1, 2

N.J.S.A. 15A:3-1……………………………………………………………………………..……1, 7

N.J.S.A. 40:49-2……………………………………………………………………………...…….4

N.J.S.A. 40:56-83………………………………………………………………………………1, 7

Jersey City Municipal Ordinance 69-68………………………………………………………..….1

Jersey City Municipal Code, § 69-70…………………………………….……………...2

Jersey City Municipal Ordinance § 69-74……………….……….…...…………….7

Jersey City Municipal Code, § 69-77………………………………………………..…..2, 7

Jersey City Municipal Code, § 69-78……………………………………………....…………2, 8

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 24……………………………………………………………….…………2, 3, 4, 5

**PRELIMINARY STATEMENT**

Proposed Intervenor Maria Scariati seeks to intervene in this matter to oppose the Proposed Intervenor Exchange Place Alliance's (the "Alliance") Cross-Motion to Intervene and to Dismiss the Plaintiffs' Verified Complaint (the "Alliance Cross-Motion").  The Alliance has no standing to pursue its Cross-Motion.  Jersey City Municipal Ordinance 69-68 et seq. (2016), requires the Alliance to apply for approval of its budget by submitting a proposed budget by April 1, 2018 to the Mayor and the City Council for the upcoming July 1 fiscal year.  The Alliance has failed to submit a proposed budget and currently has no operating funds.  The Alliance is also required to file an annual report on or before July 30, 2018.  To date, no such report has been issued.  At this point, the Alliance is essentially a defunct organization.

In addition, the Alliance is not empowered to sue or be sued under its enabling ordinance or state statute.  Although the Alliance was created under the laws governing non-profit corporations, and non-profit organizations have the right to sue and be sue under N.J.S.A. 15A:3-1, said right can be limited by other statutes or the by-laws of the organization.  The powers enumerated in the Municipal Ordinance, which are identical to those enumerated in N.J.S.A. 40:56-83, limit the powers a District Management Corporation has as compared to those enumerated in N.J.S.A. 15A:3-1.  Those powers do not include the right to sue or be sued.  Moreover, the Alliance's By-laws do not confer such a right.

Because the Alliance is a defunct organization with no operating budget, because it has failed to file its annual report, and because it is not empowered to sue or be sued, the Cross-Motion must be denied in all respects as the Alliance has no standing before this Court.

## PROCEDURAL AND FACTUAL BACKGROUND

In 2016 the Exchange Place Special Improvement District (the "District") was created by Jersey City Municipal Code, § 69-70. *See* Declaration of Roshan D. Shah, Esq. (hereinafter, "Shah Decl.") at Exhibit **"B"**. The Katyn Forest Massacre Memorial (the "Katyn Memorial") lies within the District. *See* Declaration of Michael DeMarco Decl. (hereinafter, "Demarco Decl."), ¶¶ 8, 12. The District's enabling ordinance called for the creation of the District Management Corporation, *i.e.*, the Alliance. *See* Jersey City Municipal Code, § 69-70, Shah Decl., Exhibit B.

The Alliance is a non-profit, self-financed entity incorporated pursuant to N.J.S.A. 15A:1-1 et seq. DeMarco Decl., ¶ 1; Shah Decl, Exhibit **"B"**. According to Jersey City Municipal Code, § 69-77(B), the Alliance must submit an annual budget for the Approval of the Mayor and City Council by April 1 of each year. To date, no proposed budget has been submitted to the City Council for approval. *See* Declaration of Maria Scariati (hereinafter, "Scariati Decl.", ¶18. Jersey City Municipal Code, § 69-78(C) requires the Alliance to submit an annual report to the Mayor or City Council by July 30 of each year. To date, no annual report has been submitted by the Alliance. *See* Scariati Decl., ¶19

On July 23, 2018, the Alliance filed the Alliance Cross-motion. Scariati's Cross-Motion followed.

## LEGAL ARGUMENT

### POINT I

### SCARIATI SHOULD BE PERMITTED TO INTERVENE IN THIS MATTER

Fed. R. Civ. P. 24(a) and (b) allows non-parties to intervene in actions as a matter of right

or permissively.  Scariati should be allowed to intervene under either test.

      A.    <u>Scariati Should Be Permitted To Intervene As A Matter Of Right.</u>

Rule 24 (a)(2) permits a non-party to intervene as of right if: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."  *Harris v. Pernsley,* 820 F.2d 592, 596 (3d Cir. 1987).  Here, Scariati meets all four criteria.

      1.    *Scariati's Motion To Intervene is Timely Because This Matter Is In Its Infancy.*

Courts consider the totality of the circumstances when deciding whether a request to intervene is timely, *In re Cmty. Bank of N. Va. & Guar. At'l Bank of Tallahassee Second Mortg. Loan Litig*., 418 F.3d 277, 314 (3d Cir. 2005*), and analyze specific factors such as* (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.  *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995).

Because the Plaintiffs' Verified Complaint was only filed on May 8, 2018, this case is still in its infancy.  No party has responded to the Verified Complaint.  Scariati seeks to intervene for the purposes of opposing the Alliance's Motion to Dismiss, which is currently returnable August 20, 2018, giving the Alliance sufficient time to respond to Scariati's motion under the Federal Rules of Civil Procedure and the Local Rules governing the District of New Jersey.  As such, there has been and will be no delay and therefore no prejudice to the parties by Scariati seeking to intervene at this early stage.

      2.    *Scariati is Filing a Law Suit Against the Defendants for Their Violations of N.J.S.A. 40:49-2 and Infringement of Scariati's Due Process Rights in Adopting Ordinance 18-*

3

>    *057 and Therefore Has Substantial Interest In The*
>    *Outcome Of This Matter.*

With respect to the second prong of the analysis, "the claimed interest in the litigation must be one that 'is specific [to those seeking to intervene], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Benjamin v. Dep't of Pub. Welfare of Pa.*, 432 Fed.Appx. 94, 97 (3d Cir. 2011)(alteration in original)  In this case, Scariati can clearly establish the second prong.  Here, Scariati has a right to both substantive and procedural due process under the law, rights that were infringed upon when Ordinance 18-057 was adopted by the Jersey City Municipal Council without providing appropriate notice of and hearing on substantial amendments to the Ordinance made between the First and Second readings thereof.  Scariati has prepared a separate law suit seeking to nullify the ordinance on the grounds that Mayor Fulop and the Municipal Council failed to follow the procedure prescribed by N.J.S.A. 40:49-2 as well as damages for the concomitant due process violations.  *See* Scariati Decl. ¶15.  If the Alliance is allowed to proceed with its motion and is successful, the outcome of this Motion could impact legal issues in the law suit Scariati anticipates filing.

>    3.    *If the Plaintiffs Are Unsuccessful the Ruling in This Case*
>          *Could Have An Impact On Scariati's Rights In Subsequent*
>          *Litigation.*

When the rule regarding intervention was amended in 1966, the purpose was "to allow intervention by those who might be  practically disadvantaged by the disposition of the action and to repudiate the  view, [under  the former rule], that intervention must be limited to those who would be legally bound as a matter of *res judicata*.'" *Benjamin v. Dep't of Pub. Welfare of Pa.*, *supra*, Fed.Appx. at 97 (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1006 (2d ed. 1987))(both alterations in original). In this matter, Scariati would meet the third prong either before or after the amendments to the Rule 24.

This litigation challenged the Mayor's plan to move the Katyn Memorial and could challenge the validity of Ordinance 18-057, which purportedly gives Mayor Fulop the right to move the Katyn Memorial. If the Alliance is successful, it could cause Scariati to be legally bound as a matter of *res judicata*. Thus, Scariati will be adversely impacted if the Alliance prevails in this litigation. Consequently, the third prong has been satisfied.

### 4. *Scariati's Interests Are Not Adequately Represented.*

Scariati's interests are not adequately represented by any of the parties to this litigation. The Plaintiffs and Scariati have similar interest in the outcome of this litigation, however, the Plaintiffs have yet to plead and apprise the Court of the illegal manner in which Ordinance 18-057 was adopted, another reason to nullify the ordinance. Scariati has legitimate concerns that her cause could be thwarted if the current Plaintiffs fail to amend their complaint or if the Alliance is successful in its motion, as issues of res judicata and timeliness of Scariati's causes could be legitimate objections to her law suit. Furthermore, it is unknown whether the Plaintiffs will appeal an adverse decision but Scariati will. Therefore, Scariati's interest are not adequately represented by any of the named parties.

Because the Scariati meets all four elements for intervention as a matter of right, it is respectfully requested that the Court grant its motion to intervene.

### B. If Scariati Is Not Permitted to Intervene As A Matter of Right, this Court Should Permit Scariati To Permissively Intervene.

Upon the timely filing of a motion, the Court may permit a person to permissively intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). As discussed in Point I(A), the Scariati's intervention is timely as this matter is in its infancy. Also, as outlined above in Point I(A)(2) and (3), Scariati has claims and defenses

that share a common questions or law or fact with the exiting plaintiffs.

Scariati intends to file a law suit that seeks to nullify Ordinance 18-057, alongside other illegally adopted municipal ordinances, as well as pursue damages for violating her right to due process of the laws. Scariati Decl. ¶15. Scariati's claims share both a legal and factual nexus to the claims asserted in this lawsuit. If Scariati is not allowed to intervene, then her only remedy is to file a separate law suit, forcing the City to defend multiple lawsuits, which would be a waste of judicial resources and taxpayer funds. Thus, Scariati also satisfies the test for permissive intervention.

Accordingly, Scariati should be permitted to intervene in this matter.

### POINT II

PROPOSED INTERVENOR EXHANGE PLACE ALLIANCE LACKS STANDING TO APPEAR IN THIS ACTION AND THEREFOR ITS MOTION SHOULD BE DENIED

Under New Jersey Law, courts will not review matters in which the plaintiff does not have sufficient legal standing. *N.J. Citizen Action v. Riviera Motel Corp.*, 296 N.J. Super. 402, 411-12 (App. Div. 1996), certif. granted, 152 N.J. 113 (1997), appeal dismissed as moot, 152 N.J. 361 (1998). *See also*, *In re Ass'n of Trial Lawyers of America*, 228 N.J. Super. 180, 183 (App. Div. 1988) (holding "the jurisdiction of the courts may not be invoked in the absence of an actual controversy.") In order to demonstrate standing, a plaintiff must have a "sufficient stake in the outcome of the litigation, a real adverseness with respect to the subject matter, and there must be a substantial likelihood that the plaintiff will suffer harm in the event of an unfavorable decision." *Id.* at 409–10 (citing *N.J. State Chamber of Commerce v. N.J. Election Enforcement Comm'n*, 82 N.J. 57, 67 (1980)); *see also*, *In re Adoption of Baby T.*, 160 N.J. 332 , 340 (1999)

(holding "[a] substantial likelihood of some harm visited upon the plaintiff in the event of an unfavorable decision is needed for purposes of standing.") (quoting *Home Builders League of S. Jersey, Inc. v. Berlin Township*, 81 N.J. 127, 134–35 (1979)).

Here, for several basic reasons, the Alliance does not have standing to pursue its Cross-motion.  First, the Alliance was created at the discretion of the City of Jersey City, which conferred upon the alliance powers which are enumerated in Jersey City Municipal Ordinance § 69-74.   The New Jersey State statute authorizing the creation of District Management Corporations contains the identical enumerated powers.  *See* N.J.S.A. 40:56-83.  Nowhere in those enumerated powers does the City confer upon the Alliance the right to sue or be sued.  Moreover, under N.J.S.A. 15A:3-1(a)(2) a non-profit corporation has the right to "***subject to any limitations provided in this act or other statute of this State, or in its certificate of incorporation or bylaws***, may: . . . sue and be sued, complain and defend and participate as a party or otherwise in any judicial, administrative, arbitrative or other proceeding, in its corporate name."  (emphasis added)  However, neither the Jersey City Municipal Code, § 69-74 nor the Alliances' By-laws confer upon the alliance the power to "sue and be sued".  <u>See</u> Jersey City Municipal Code, § 69-74, Shah Decl., Exhibit **"B"**; Scariati Decl. ¶21.

Second, the Alliance's proposed budget was to be submitted by April 1, 2018 to the Mayor and the City Council for review and approval.  Jersey City Municipal Ordinance § 69-77(B)).  Scariati contacted the City Clerk and made several requests for documents, including, but not limited to all meeting minutes, copies of bylaws, and annual report of the Alliance.  (*See* Scariati Decl. ¶¶17-19)  The City Clerk responded with meeting minutes and By-laws, but there was no proposed budget or annual report.  *Id* at ¶¶20-21.  Also, a review of the meeting minutes of the Alliance (*See* Declaration of Markis M. Abraham, Esq. (hereinafter, the "Abraham

7

Decl."), ¶¶5-11) further demonstrates no proposed budget was ever adopted or no annual report was ever prepared, issues you would expect to be addressed and appear in meeting minutes of the Alliance, but do not.

Third, the Alliance's annual report was due to be filed with the City Clerk by July 30, 2018. Jersey City Municipal Ordinance § 69-78(C). As stated above, no annual report has been filed by Alliance. It is worthy to note that the Alliance's By-laws allow them to issue an annual report ninety (90) days after the close of the fiscal year (on or about September 28, 2018). However, Jersey City Municipal Ordinance § 69-78(C) requires the annual report to be filed by July 30, 2018 and there is nothing in the ordinance that allows the Alliance to change said time frame by adopting a provision in their By-laws.

The Alliance is presently a defunct organization that does not exist from a legal standpoint. Therefore, it has no standing to intervene in this matter. Irrespective of the Alliance's failure to employ appropriate corporate governance and comply with applicable laws, the Alliance is not empowered to sue or be sued, and therefore has no standing to bring the Alliance Cross-Motion. Consequently, the Alliance Cross-Motion should be denied in its entirety.

Furthermore, the Alliance lacks standing as they do not have a sufficient stake in the outcome of this litigation as required by *N.J. Citizen Action v. Riviera Motel Corp.*, 296 N.J. Super. 402, 409-10 (App. Div. 1997). If the Plaintiffs succeed in their action and the Katyn Memorial cannot be moved, the Alliance may continue their planning for the park in the same location of its original plan, revised to accommodate the Katyn Memorial's existing location. If the Plaintiff is unsuccessful, the Alliance can continue its existing plan to improve the area with

a park.  The difference for the Alliance between the success and failure of the Plaintiffs' case is a revised plan for a park.

On the other hand, there is a strong public interest weighing against Alliance's Application.  *See N.J. State Chamber of Commerce v. N.J. Election Enforcement Comm'n*, *supra*, 82 N.J. at 68 (holding that a private interest "may be accorded proportionately less significance where it coincides with a strong public interest.").  If the Alliance is allowed to intervene despite being impotent to do so and despite demonstrating its inability to remain a viable organization in only eighteen (18) months of existence, the public will lose all confidence that a District Management Corporation will comply (and municipal officials will force them to comply) with municipal and state laws and make the required filings so the public may know how well the District Management Corporation is operating.  Essentially, the Alliance is operating unfunded and illegally and the only response from the Jersey City municipal officials is to join in support of the Alliance's Cross-Motion.

Because Alliance's Cross-Motion is unlawful, i.e., Alliance is not empowered to sue for the reasons outlined above, it cannot suffer harm by the Court denying it standing to sue.  If the Alliance has an interest in seeing a park built, it should use the powers provided by the municipal ordinance which created Alliance; in other words, comply with the law.  Therefore, Alliance cannot demonstrate a substantial likelihood of harm if the Plaintiffs are successful.  *In re Adoption of Baby T.*, *supra*, 160 N.J. at 340.  As such, the Alliance Cross-Motion should be denied in its entirety.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Scariati's Cross-Motion to Intervene and deny the Alliance Cross-Motion and dismiss Alliance from the action for lack of standing.

                                    **THE ABRAHAM LAW FIRM, LLC**
                                    Attorneys for the Proposed Intervenor
                                    *Maria Scariati*

Dated: July 31, 2018        By:        /s/ Markis M. Abraham
                                                       Markis M. Abraham, Esq.